# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| JERRY BIGGART, | ) |
| Plaintiff, | ) |
| v. | ) No. 19-cv-3215 |
| VIBRA HOSPITAL OF SPRINGFIELD, LLC, | ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Jerry Biggart's Motion to Compel (d/e 26) (Motion). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

## BACKGROUND

Plaintiff Jerry Biggart brings this diversity action against Defendant Vibra Hospital of Springfield, LLC, (Hospital) for damages arising from alleged negligent care while he was a patient at the Hospital's facility in Springfield, Illinois, from September 12, 2017 through October 3, 2017. See Complaint and Demand for Jury Trial (d/e 1) (Complaint). The Hospital served its Rule 26(a) initial disclosures (Disclosures) on Biggart on December 2, 2019. The Disclosures listed Biggart, Biggart's family

members generally, and 50 other individuals (Disclosed Individuals) who were likely to have discoverable information on subjects that the Hospital may use in its defense. Fed. R. Civ. P. 26(a)(1)(A)(i). The Disclosed Individuals apparently worked for the Hospital. Each disclosure for each Disclosed Individual omitted the first name, address, and telephone number of each such Disclosed Individual; and each disclosure recited the following substantially identical statement (Disclosure Statement):

> [Title of Disclosed Individual] [last name of Disclosed Individual] is expected to testify consistent with [his or her] deposition testimony, if taken, concerning the facts and circumstances of each contact [he or she] had with the Plaintiff, Jerry Biggart. [He or She] is expected to testify regarding each clinical judgment [he or she] made during the treatment of Jerry Biggart and discuss the reasons and bases behind [his or her] decisions. [He or She] is expected to testify regarding records, documents, or other materials relating to care [he or she] provided to Jerry Biggart, including any entry [he or she] may have made in the medical records. [He or she] is expected to testify regarding any conversations and interactions [he or she] may have had with Plaintiff, Plaintiff's family members, or his healthcare providers.

<u>Motion</u>, Exhibit A, <u>Defendant Vibra Hospital of Springfield, LLC's Rule 26(a)(1) Disclosures</u> ¶ 1.

Biggart objected because the Hospital failed to provide the full names, addresses, and telephone numbers of the Disclosed Individuals and because the Disclosure Statements were vague and repetitious and did not comply with the Rule. The parties attempted to resolve these

objections without resort to the Court but were unable.  Biggart then filed the Motion.

## ANALYSIS

Rule 26(a)(1)(A)(i) provides:

**(a) Required Disclosures.**

**(1)** *Initial Disclosure.*

**(A)** *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

**(i)** the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

Rule 26(a)(1)(A)(i) applies in this case.  The Rule is mandatory and requires disclosure of certain information including the names and, if known, the addresses and telephone numbers of each individual.  The Hospital failed to comply with the Rule.  The Court orders the Hospital to provide Biggart's counsel with the first and last names of each of the Disclosed Individuals and, if known, the address and telephone number of each Disclosed Individual.  The Hospital's arguments to the contrary are unpersuasive.  The Rule is mandatory and requires the disclosure of this

information.  The Hospital shall disclose this information to Biggart's counsel by April 15, 2020.

The Hospital also raises concerns about privacy.  The Court addresses the privacy concerns with the following protective order.  The Court directs the Hospital to provide the addresses and telephone numbers of the Disclosed Individuals to Biggart's counsel.  Biggart's counsel and his counsel's employees shall have access to this information.  Biggart's counsel will not disclose this information to anyone other than Biggart's counsel, his counsel's employees, and the Disclosed Individual associated with a particular address and telephone number.  Biggart's counsel and his counsel's employees will use the addresses and telephone numbers only to contact the Disclosed Individuals in connection with litigating this case and only if such contact complies with the Rules of Professional Conduct applicable to this Court.  <u>See</u> Local Rule 83.6.  Biggart's counsel will further return all copies of the Disclosed Individuals' addresses and telephone numbers to the Hospital after a final non-appealable judgment is entered in this case.  This order provides adequate protection for the privacy concerns of the Disclosed Individuals.

The Hospital's Disclosure Statements technically meet the Rule's requirement to disclose the subjects of Disclosed Individuals' information

that the Hospital may use to support its defense.  The Court, therefore, will not order the Hospital to supplement the quoted Disclosure Statements.  Biggart will need to conduct discovery to secure more detailed information.

The Court, however, agrees with Biggart that the Disclosure statements are repetitive, vague, and disclose little or no useful information about the 50 Disclosed Individuals or the knowledge that they may have.  The Court, therefore, may be willing to entertain requests by Biggart to enlarge the number of interrogatories that he may serve and the number of depositions that he may take to permit Plaintiff to inquire concerning individuals contacts with Jerry Biggart, any clinical judgments the individuals  made during the treatment of Jerry Biggart, and any communications, conversations, or interactions the individuals had with Jerry Biggart, his family members, or his health care providers.  Additional interrogatories and depositions may be needed since the Hospital decided to omit useful information in its Rule 26(a) disclosures.

Because the Court has allowed the Motion in part, the Court may, after giving notice and opportunity to be heard, apportion the costs of bringing and defending the Motion.  Fed. R. Civ. P. 37(a)(5)(C).  The Court, in its discretion, declines to apportion costs with respect to this Motion.

THEREFORE, IT IS ORDERED that Plaintiff Jerry Biggart's Motion to Compel (d/e 26) is ALLOWED in part and DENIED in part.

ENTER: March 17, 2020

s/ *Tom Schanzle-Haskins*
UNITED STATES MAGISTRATE JUDGE