E-FILED
Friday, 30 July, 2021  09:27:07 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JERRY BIGGART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-3215 |
| | ) | |
| VIBRA HOSPITAL OF | ) | |
| SPRINGFIELD, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>OPINION</u>

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Jerry Biggart's Motion to Strike Defendant's Supplemental Disclosure Pursuant to Rule 26(e) (d/e 73) (Motion to Strike) and his Motion to Compel and/or Strike Defendant's Objections to Plaintiff's Second Supplemental Request for Production to Defendant, Vibra Hospital of Springfield, LLC (d/e 77) (Motion to Compel). For the reasons set forth below, the Motion to Strike is DENIED and the Motion to Compel is ALLOWED in part and DENIED in part. The Court will address the Motion to Strike and Motion to Compel separately.

## <u>BACKGROUND</u>

On August 30, 2017, Plaintiff Biggart was severely injured in a motorcycle accident. On September 12, 2017, Biggart was admitted to

Defendant Vibra Hospital of Springfield, LLC (Vibra), for in-patient rehabilitation care.  Biggart alleges negligence in his care from September 12, 2017 to October 3, 2017, that resulted in a stage IV pressure ulcer on his coccyx.  He alleges that the ulcer became infected and extended into the bone (osteomyelitis) which resulted in increased medical expenses and a delay in rehabilitation.  See Plaintiff's First Amended Complaint and Demand for Jury Trial (d/e 4) (Amended Complaint) ¶¶ 8-23.

## MOTION TO STRIKE

On December 22, 2020 Biggart's attorney deposed Vibra nurse Wanda Ellenburg.  On April 28, 2021, Vibra served Biggart with a supplemental Rule 26(a) disclosure pursuant to Rule 26(e).  Fed. R. Civ. P. 26(a)(1) and (e).  The supplemental disclosure essentially stated that Ellenburg intends to recant much of her deposition testimony.  See Motion to Strike, Exhibit D, Defendant, Vibra Hospital of Springfield, LLC's Supplemental Disclosures Pursuant to Rule 26(e) (Supplemental Disclosure), at 19-21.  Biggart moves to strike the Supplemental Disclosure as an improper attempt to change Ellenburg's deposition testimony.  Vibra opposes the Motion.

ANALYSIS

Rule 26(e) requires a party to supplement or correct its initial

disclosures if the corrective or supplemental information is not otherwise

made known to the other party during discovery or in writing.  Fed. R. Civ.

P. 26(e).  Here Vibra disclosed to Biggart that Ellenburg intends to recant

much of her deposition testimony.  This disclosure is proper.  A witness

may change her testimony at trial.  The witness is then subject to being

impeached with her deposition testimony.  Vibra became aware of the fact

that Ellenburg intends to recant her deposition testimony so Vibra disclosed

the matter to Biggart pursuant to Rule 26(e).  Biggart is now aware of this

disclosure and may prepare for this eventuality should the matter go to trial.

Biggart argues that the Supplemental Disclosure is an improper

attempt to create an errata sheet to change Ellenburg's testimony.  The

Court disagrees.  The Supplemental Disclosure is not evidence and is not

an errata sheet.  The Supplemental Disclosure does not change any of

Ellenburg's deposition testimony.  Biggart may still use Ellenburg's

deposition testimony at summary judgment, at trial, or for any other proper

purpose.  Vibra cannot use the Supplemental Disclosure to contradict the

Ellenburg deposition because the Supplemental Disclosure is not evidence.

The Supplemental Disclosure only disclosed to Biggart that Ellenburg

intends to recant much of her deposition testimony if called to the stand at trial.  This disclosure, if anything, helps Biggart to prepare for trial.  The Court will not strike the Supplemental Disclosure.

Biggart also asks the Court to bar Ellenburg from changing her testimony.  Biggart cites no authority for the proposition that this Court may bar a witness testifying at trial differently from her deposition testimony. The Court is not aware of any such rule.  Should Vibra submit an affidavit from Ellenburg at summary judgment that contradicts her deposition testimony, that affidavit may be subject to the general rule that an affidavit that contradicts a deposition cannot be used to create an issue of fact at trial.  See e.g., Amadio v. Ford Motor Co., 238 F.3d 919, 926 (7th Cir. 2001).   Should Ellenburg contradict her deposition testimony at trial, Biggart can use the deposition transcript to impeach her.  Should Biggart choose to call Ellenburg as a witness at trial, he may use the Supplemental Disclosure as a basis to ask the District Court for permission to treat Ellenburg as a hostile witness.

If Biggart finds authority for the proposition that the Court can bar Ellenburg from testifying at trial differently from her deposition, Biggart may file a pretrial motion in limine at the appropriate time and provide the District Court with such authority.  At this point, during the discovery phase

of this proceeding, the Court will not bar Ellenburg from testifying differently from her deposition testimony.  The Motion is Strike is DENIED.

## MOTION TO COMPEL

On March 12, 2021, Biggart served Vibra with Plaintiff's Second Supplemental Request for Production to Defendant (Production Request).  Motion to Compel, Exhibit A, Production Request.  Vibra responded in part on April 8, 2021 and completed its response on May 8, 2021.  Biggart found the production to be deficient.  The parties corresponded in an attempt to resolve the dispute without resort to the court (hereinafter "Meet and Confer") but were unsuccessful.  Biggart now moves this Court to compel Vibra to provide complete production of documents responsive to Production Requests 1, 2, 4, 12, 13, 14, 15, 18, and 19.  Vibra opposes the Motion.  The Court addresses each request at issue separately.

Production Request No. 1

Production Request No. 1 states:

1. Produce any and all documents regardless of form, (visual, maps, floor plan and designs, layout, blueprints, digital etc.) of Vibra Hospital of Springfield, that may be located in other electronic records, servers, business office records, administration records that depicts and labels the building interior, including but not limited to each floor, stairs, elevators, ward, floor units, lobby, pharmacy, nursing stations, patient rooms, physical therapy rooms, dining rooms, employee break rooms, and laundry, The time period for this request is from August 30, 2017 through December 31, 2017.

<u>Production Request</u>, <u>Request No. 1</u>.

    Vibra responded:

> RESPONSE: Objection, overly broad and not reasonably
> calculated to lead to the discovery of relevant evidence
> admissible at trial. Subject to and without waiving said
> objection, see attached (Bates Nos. Vibra Floor Plan 0001).

<u>Motion to Compel</u>, Exhibit C, <u>Defendant Vibra Hospital of Springfield, LLC's</u>

<u>Response to Plaintiff's Second Supplemental Request for Production</u>

<u>(Production Response)</u>, <u>Response No. 1</u>.

    During the Meet and Confer, Biggart explained the relevance of the

floor plan:

> There is deposition testimony concerning the layout of the High
> Acuity Unit where Plaintiff was a patient. The location of the
> nurses station relative to his room and the other room
> availability on the floor is relevant to the ratio of nurse to
> patients and the care/oversight provided. The floor plan
> provided is of very poor quality to the point of being unusable. I
> ask you to waive this objection and provide a more readable
> floor plan.

<u>Motion to Compel</u>, Exhibit E, <u>Email from Biggart Counsel to Vibra Counsel</u>

<u>dated June 1, 2021 (June 21 Email)</u>, ¶ RFP 1. Attached as Exhibit F to the

Motion to Compel is a copy of the Floor Plan produced in discovery.

    Vibra now objects to producing a floor plan for every floor as overly

broad and unduly burdensome.  Vibra also states that it does not have a

more legible copy of the floor plan of the floor with the Hight Acuity Unit

(High Acuity Floor) in which Biggart was staying as an inpatient than the one provided.

Vibra's objection is sustained in part and overruled in part.  Biggart explained in the June 21 Letter that he really needed only a legible floor plan of the High Acuity Floor.  The Court, therefore, sustains the objection to the extent that the Court will not compel Vibra to produce floor plans or other documents that set forth the floor plan of portions of the hospital other than the High Acuity Floor.  The Court, however, agrees with Biggart that the floor plan provided, Exhibit F, is not legible.  Vibra says that it does not have a more legible floor plan of this hospital floor.  Vibra does not deny that it has other responsive documents that relate to the floor plan of the High Acuity Floor.  Biggart is entitled to inspect any such documents to determine for himself whether the other documents are more legible.  Vibra, therefore, must produce all responsive documents that relate to the High Acuity Floor.

Production Request No. 2

Production Request No. 2 states:

2. Produce any and all patient call light records: i) Including but not limited to manufacturer or installation records, manuals, instruction materials for the system in use at VIBRA HOSPITAL OF SPRINGFIELD during the time of Plaintiff's admission to that facility; and ii) Any and all records or reports for said

system pertaining to the use of the call light by Plaintiff, JERRY
BIGGART, and response times by VIBRA employees.

Production Request, Request No. 2

Vibra responded:

RESPONSE: Objection, not reasonably calculated to lead to
the discovery of relevant evidence admissible at trial. Subject to
and without waiving said objection, none in this Defendant's
possession.

Production Response, Response No. 2.

Biggart responded in the Meet and Confer:

Modern call light systems have a record of when the call was
initiated and the response time. While there is testimony as to
visitors personally asking for staff to clean up Plaintiff after a
bowel movement, if the call light was also used, it will provide
relevant corroborating physical evidence. Therefore, we ask
that the objection be waived and records produced.

June 21 Letter, ¶ RFP 2.  Vibra's objection is overruled as moot and

Biggart's request to compel production is denied as moot because Vibra

does not have responsive documents.  A party must produce responsive,

unprivileged documents in its possession, custody, or control.  Fed. R. Civ.

P. 34(a).  Vibra states that it does not have responsive documents.  The

Court, therefore, will not compel production.

Production Request No. 4

Production Request No. 4 asks for:

4. Copies of any and all inspection reports or evaluations generated by any federal or state government agencies that regulate or monitor Hospitals, including but not limited to Illinois Hospital Report Cards and quarterly reports regarding volume and cost of services, quality and safety data, nurse staffing data, pressure sore data, patient satisfaction surveys, and summaries for the years 2013 thru 2017.

Production Request, Request No. 4.

Vibra responded:

RESPONSE: Objection, overly broad, not reasonably limited in time or scope, not reasonably calculated to lead to the discovery of relevant evidence admissible at trial, and requests information of public record equally available to both parties.

Production Response, Response No. 4.

Biggart explained further in the Meet and Confer:

REPLY: The FRCP dictates that if a document is available to a party, the party must produce it whether it is otherwise publicly available or not. "[C]ourts have unambiguously stated that this exact objection is insufficient to resist a discovery request" (citing City Consumer Services v. Horne, 100 F.R.D. 740, 747 (D. Utah 1983) (stating that it is "not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record") (citing Petruska v. Johns—Manville, 83 F.R.D. 32, 35 (E.D.Pa.1979)); Associated Wholesale Grocers, Inc. v. U.S., 1989 WL 110300, *3 (D. Kan. June 7, 1989) (stating that defendant's argument of equal accessibility is not sufficient to resist discovery) (citing City Consumer Services)). Avenatti v. Gree United States, No. 2:20-cv-00354-JPH-MJD, 2021 U.S. Dist. LEXIS 52969, at *31 (S.D. Ind. Mar. 17, 2021).

> We also find no public records through the Illinois Department
> of Public Health – possibly because the facility is closed.
> Further, issues of a similar nature that may have occurred prior
> to Mr. Biggart's hospitalization speaks to whether this was a
> more widespread systemic problem concerning patient care.
> Therefore, we request the objection be waived and records
> provided.

June 21 Letter, ¶ RFP 4 (footnote omitted).  Vibra argues further in opposition to the Motion to Compel that the time period is not reasonably limited and many of the documents sought do not relate to bed sore injuries like the one suffered by Biggart.  Vibra also argues that information about other injuries and quality of care at Vibra is not relevant.

The objection is overruled.  The information sought is reasonably calculated to uncover relevant information or to lead to relevant information. The documents would show if problems existed with the quality of care and Vibra's knowledge of such problems.  This information may be relevant to whether Vibra acted reasonably under the circumstances.  Vibra is directed to produce the responsive unprivileged documents.  The four-year time frame is reasonably limited and proportionate to the needs of the case. Also, the availability of such documents from other sources is not a basis to refuse to produce responsive documents.  See City Consumer Services, Inc. v. Horne, 100 F.R.D. 740, 747 (D. Utah 1983).

Production Request No. 12

Production Request No. 12 asks for:

12. Any and all timesheets, time logs, or other documentation
demonstrating the names of Vibra's medical or nursing staff,
employees, agents, or professionals who worked (were on
duty) at Vibra Hospital of Springfield, LLC, during the time
period beginning September 12, 2017 through October 4, 2017.
Such individuals may include, but not necessarily be limited to,
those possessing the following abbreviated designations: LPNs,
CNAs, RNs, and MDs.

Production Request, Request No. 12.

Vibra responded:

RESPONSE: Objection, overly broad and not reasonably
calculated to lead to the discovery of relevant evidence
admissible at trial. Subject to and without waiving said
objection, none other than the previously produced Vibra
records (Bates Nos. Vibra 1-1,732), scheduling documentation
(Bates Nos. Schedule 1-5), and set schedules (Bates Nos.
Vibra Schedules 2017 1-4).

Production Response, Response No. 12.

Biggart responded in the Meet and Confer:

REPLY: The schedules provided through the course of
discovery have not been identified as to source, who prepared
the list, etc. Testimony from Vibra nurses indicates they have
never seen these schedules. The nurses did testify that they
clocked in. If there was such a clock-in system, that would
substantiate or disprove the schedules provided and
substantiate or disprove the testimony of the nurses as to
patient to nurse ratio, identify others on the floor who may have
been familiar with or witnessed anything related to this case.
Therefore, at least having the time logs for any personnel
working on the floor where Plaintiff was a patient is necessary.

June 21 Letter ¶ RFP 12.

Biggart limited his request in the Meet and Confer to the time logs for any personnel working on the High Acuity Floor while Biggart was there from September 12, 2017 to October 4, 2017. Vibra's objection is overruled with respect to this limited request. The Court directs Vibra to make another search to locate any additional records that reflect the personnel on duty on the High Acuity Floor from September 12, 2017 to October 4, 2017, and produce any documents found in the additional search that were not yet produced. If no additional records exist, Vibra shall so state in its response in compliance with this Opinion.

Production Request No. 13

Production Request No. 13 states:

13. Produce and provide any records related to the daily census and occupancy reports for patients admitted to Vibra Hospital of Springfield, LLC, from September 12, 2017 through October 4, 2017.

Production Request, Request No. 13.

Vibra responded:

RESPONSE: Objection, overly broad and not reasonably calculated to lead to the discovery of relevant evidence admissible at trial. Subject to and without waiving said objection, see attached census documentation (Vibra Census 1- 132).

Production Response, Response No. 13.

    Biggart stated in the Meet and Confer:

    REPLY: This speaks to patient to nurse ratios on any given day of Plaintiff's admission. Please waive this objection.

June 21 Letter ¶ RFP 13.

    Vibra's objection is overruled as moot and Biggart's request to compel production is denied as moot because Vibra produced the requested documents.

Production Request No. 14

    Production Request No. 14 states:

    14. Pursuant to Policies and Procedures marked VIBRA P&P 0042, provide a complete copy of any and all "Occurrence Reports" for Hospital Acquired Pressure Ulcers (HAPUs) related to JERRY BIGGART or any other patient admitted at VIBRA HOSPITAL OF SPRINGFIELD from 2013 through 2017.

Production Request, Request No. 14.

    Vibra responded:

    RESPONSE: Objection, overly broad, seeks to violate HIPAA, not reasonably limited in time or scope, and is not reasonably calculated to lead to the discovery of relevant evidence admissible at trial. Subject to and without waiving said objection, none with respect to Plaintiff.

Production Response, Response No. 14.

    Biggart responded in the Meet and Confer:

REPLY: This request, again, speaks to the possibility of a systemic failure on the part of the facility. HAPUs at stage 3 and 4 are inexcusable per Medicare guidelines. There is no HIPAA violation as you have the right and obligation to redact identifying information similar to what you did on the census documentation provided at RFP 13. In light of the poorly trained and unqualified wound care coordinator assigned to Plaintiff, the extent of this failure by Vibra is appropriate for discovery and investigation.

June 21 Letter ¶ RFP 14.

The objection is overruled.  The documents sought are reasonably related to determining Vibra's knowledge of the care provided in its facility and whether it acted reasonably under the circumstances.  The four-year period is a reasonable time limitation because the request is limited to one type of injury, Hospital Acquired Pressure Ulcers.  Vibra's concerns about HIPAA are resolved because the production shall be subject to the terms of the HIPAA Qualified Protective Order (d/e 17) (HIPAA Protective Order) already in effect in this case.  Vibra is ordered to produce the responsive documents subject to the HIPAA Protective Order.

Production Request No. 15

Production Request No. 15 states:

15. Pursuant to Policies and Procedures marked VIBRA P&P 0043, provide any and all records of educational programs provided to licensed nurses and aides regarding skin integrity, including but not limited to record of attendance or completion for any and all licensed nurses or aides who provided care or

services to Jerry Biggart and substantive materials provided during such program.

Production Request, Request No. 15.

Vibra responded:

RESPONSE: Objection, overly broad, not reasonably limited in time, and not reasonably calculated to lead to the discovery of relevant evidence admissible at trial. Subject to and without waiving said objection, none in this Defendant's possession.

Production Response, Response No. 15.

Biggart responded in the Meet and Confer:

REPLY: Again, the nurses who have testified had vague recollections or did not recall any training – yet Vibra policies require educational programs for skin integrity. If Plaintiff was cared for by untrained nursing personnel, it is relevant to the issue of negligence. Therefore, the objection should be waived and if no training records exist, please advise.

June 21 Letter ¶ RFP 15.

The objection is overruled as moot and the request to produce is denied as moot because Vibra stated that it had no such documents. The Court understands that statement in Production Response No. 14, "Subject to and without waiving said objection, none in this Defendant's possession," means that no such records of training exist. If Vibra should discover any records or evidence of training, Vibra will need to supplement this response and/or its Rule 26(a)(1) initial disclosures. See Fed. R. Civ. P. 26(e) and 37(c)(1).

Production Request No. 18

Production Request No. 18 states:

18. Produce and provide a copy of the following VHS Policy & Procedures in effect during Plaintiff's admittance at VIBRA HOSPITAL OF SPRINGFIELD, LLC:

a. 2017 VHS Admission of a Patient.docx Policy & Procedure Policy: General Nursing Springfield, IL;

b. 2017 VHS Admissions and Room Placement.docx Policy & Procedure Policy: Admissions Springfield, IL;

c. 2017 VHS Chart Check.docx Policy & Procedure Policy: General Nursing Springfield, IL;

d. 2017 VHS Wound Care Manual Cross Walk.pdf Policy & Procedure Policy: Wound Care Springfield, IL;

e. Care_Planning_CM_200_11_2018.doc Policy & Procedure Policy: Case Management - LTAC Springfield, IL;

f. Case_Management_Responsibilities_CM_200_17_2018.doc Policy& Procedure Policy: Case Management - LTAC Springfield, IL; and

g. Complex_Medical-Rehabilitation_Admission Guidelines _CM_& Procedure Policy: Admissions Springfield, IL;

Production Request, Request No. 18

Vibra responded:

RESPONSE: a. Objection, not reasonably calculated to lead to the discovery of relevant evidence admissible at trial as there are no allegations related to the admission of this patient contained in Plaintiff's Amended Complaint. Subject to and without waiving said objection, see attached Admission of a Patient Policy (Bates Nos. Vibra P&P 0076-0078).

b. Objection, not reasonably calculated to lead to the discovery of relevant evidence admissible at trial as there are no allegations related to the admission or room placement of this patient contained in Plaintiff's Amended Complaint. Subject to and without waiving said objection, see attached Admissions and Room Placement policy (Bates Nos. Vibra P&P 0079-0080).

c. See attached Chart Check Policy (Bates Nos. Vibra P&P 0075).

d. See 2017 VHS Wound Care Manual Cross Walk Policy and Procedure (Bates Nos. Vibra P&P 0033) previously produced on October 8, 2020.

e. Objection, not reasonably calculated to lead to the discovery of relevant evidence admissible at trial as there are no allegations related to care planning by case managers contained in Plaintiff's Amended Complaint. Subject to and without waiving said objection, see attached Care Planning (CM) Policy (Bates Nos. Vibra P&P 0081-0083).

f. Objection, not reasonably calculated to lead to the discovery of relevant evidence admissible at trial as there are no allegations related to case manager responsibilities contained in Plaintiff's Amended Complaint. Subject to and without waiving said objection, see attached Case Management Responsibilities (Bates Nos. Vibra P&P 0084-0086).

g. Objection, not reasonably calculated to lead to the discovery of relevant evidence admissible at trial as there are no allegations related to the admission of this patient contained in Plaintiff's Amended Complaint. Subject to and without waiving said objection, see attached Complex Medical Admission Guidelines (Bates Nos. Vibra P&P 0087-0088).

Production Response, Response No. 18.

Biggart responded in the Meet and Confer:

REPLY: Each of these policies for which Vibra objects as not leading to relevant and admissible evidence because there is not a specific allegation is unfounded. I direct you to Paragraph 20 and 21 of the Amended Complaint. Whether Plaintiff should have been accepted by Vibra as a patient in his post-accident condition speaks to Paragraph 20 as to the exercise of care of a reasonably well qualified and competent hospital. Para 21 is a non-exhaustive list of those failures as the subparagraph a through e are qualified with the phrase "one or more of the following ways". Any act or omission committed by Vibra that gave rise to the HAPU is a relevant line of inquiry. Therefore, we request that you waive these objections.

June 21 Letter ¶ RFP 18.

The objections are overruled as moot and the request to compel

production is denied as moot because Vibra produced the responsive

documents.

Production Request No. 19

Production Request No. 19 asks for:

19. Any and all records of employee evaluations or reviews and records of complaints made to VIBRA management related to any nurse (RN, LPN, or CNA) who provided care to JERRY BIGGART, including but not limited to Wanda Ellenburg, Brian Hileman, and Bernadette Andrews.

Production Request, Request No. 19.

Vibra responded:

RESPONSE: Objection, overly broad, not reasonably limited in time, seeks to violate HIPAA, and not reasonably calculated to lead to the discovery of relevant evidence admissible at trial. Subject to and without waiving said objection, no Complaints exist with respect to the care and treatment provided to Jerry

Biggart other than what may be construed as such within the previously produced email communication (Bates Nos. Vibra Email 1-2).

Production Response, Response No. 19.

Biggart stated in the Meet and Confer:

REPLY: Failures on the part of nursing personnel that may be reflected in an employee's evaluation are relevant as to whether the hospital knew or should have known of employee shortcomings in implementing policy and appropriate care and documentation (or if the employee was reprimanded in a way that did not document the identity of the patient concerned). As you have already demonstrated, HIPAA issues can be avoided through appropriate redactions of identifying information. Therefore, we request that these be produced and the objection waived.

June 21 Letter ¶ RFP 19.  Vibra adds in response to the Motion that the request seeks documents subject to a hospital peer review privilege.

Defendant's Response to Plaintiff's Motion to Compel and/or Strike Defendant's Objections to Plaintiff's Second Supplemental Request for Production (d/e 78) ¶ 12.

The objections are overruled.  The personnel records of the staff who treated Biggart are relevant for purposes of discovery to discover information related to the quality of Biggart's care and Vibra's knowledge of the quality of care.  Vibra must produce the responsive documents.  Any documents governed by HIPAA shall be subject to the terms of the HIPAA Protective Order.

With respect to the claimed hospital peer review privilege, Vibra must provide a privilege log for any document withheld on a claim of privilege. The log must expressly state the claim of privilege asserted for each document and must "describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A) (i) and (ii).

The Court orders Vibra to produce by August 16, 2021 the additional documents required to be produced pursuant to this Opinion and a privilege log that meets the requirements of Rule 26(b)(5)(A)(i) and (ii) for any documents withheld under a claim of privilege.

The Court has allowed the Motion to Compel in part.  The Court may apportion expenses for the Motion to Compel.  Fed. R. Civ. P. 37(a)(5)(C). The Court determines that apportionment of expenses is not appropriate in this case.

THEREFORE, IT IS ORDERED that Plaintiff Jerry Biggart's Motion to Strike Defendant's Supplemental Disclosure Pursuant to Rule 26(e) (d/e 73) is DENIED; and Plaintiff's Motion to Compel and/or Strike Defendant's Objections to Plaintiff's Second Supplemental Request for

Production to Defendant, Vibra Hospital of Springfield, LLC (d/e 77) is

ALLOWED in part and DENIED in part.

ENTER:  July 30, 2021

_____s/ *Tom Schanzle-Haskins*_____
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE