# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| JERRY BIGGART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 19-cv-3215 |
| | ) |
| VIBRA HOSPITAL OF SPRINGFIELD, LLC, | ) |
| | ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Jerry Biggart's Motion for Sanctions Against Defendant (d/e 90) (Motion for Sanctions). For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

On March 12, 2021, Biggart served document production requests on Defendant Vibra Hospital of Springfield, LLC (Vibra). One request asked for all documents related to Biggart's family members' complaints about his care at Vibra. A second request asked for employee evaluations, reviews, and records of complaint related to any employee who provided care to Biggart while he was a patient at Vibra.

In March 2021, Vibra Chief Clinical Officer Darla Perdue and Vice President of Health Information searched Vibra records for complaints from Biggart family members. Vibra closed its hospital in 2019 and the records were placed in a storage facility called Iron Mountain, located in Illinois. From March to July 2021, Vibra personnel searched the records at Iron Mountain of Biggart's stay at the hospital and also conducted searches on computers, computer files, and computer message systems used by Vibra. See Motion, Exhibit A, Affidavit of Darla Perdue ¶¶ 1-13.

In April and May 2021, Vibra responded to Biggart's document production request. Vibra had found no documents related to complaints about Biggart's care from family members. Vibra objected to producing employee evaluations, reviews, and records of complaint related to any employee who provided care to Biggart while he was a patient at Vibra. Biggart moved to compel production. Motion to Compel and/or Strike Defendant's Objections to Plaintiff's Second Supplemental Request for Production to Defendant, Vibra Hospital of Springfield, LLC (d/e 77) (Motion to Compel).

On July 13, 2021, Perdue found one set of emails related to complaints from Biggart's family members. Affidavit of Darla Perdue ¶ 13.

On July 30, 2021, this Court ruled on the Motion to Compel and ordered Vibra to produce employee evaluations, reviews, and records of complaint related to any employee who provided care to Biggart while he was a patient at Vibra.  The Court ordered documents produced by August 16, 2021.  <u>Order entered July 30, 2021 (d/e 80) (Order on Motion to Compel)</u>, at 20.

On August 5, 2021, Vibra's counsel produced to Biggart's counsel the emails Perdue found as a supplemental document production.

On August 6, 2021, Vibra Clinical Operations Director Christin Zygmunt (Zygmunt) requested personnel records from the storage facility.

On August 10, 2021, Vibra moved for an extension of time to comply with the Order on Motion to Compel.  <u>Defendant, Vibra Hospital of Springfield, LLC's, Motion for Extension of Time to Respond to the Court's Order from July 30, 2021 (d/e 83)</u>.  The Court allowed this motion in part and gave Vibra until August 31, 2021 to comply.  <u>Text Order entered August 13, 2021</u>.

On August 11, 2021, Vibra personnel reviewed the boxes sent from the Iron Mountain storage facility and discovered the boxes did not contain employee evaluations/reviews and complaints ordered to be produced by the Order on Motion to Compel.  On August 13, 2021, Vibra personnel

informed Vibra's Vice President Morgan that responsive records were missing from the boxes reviewed. Defendant's Response to Plaintiff's Motion for Sanctions (d/e 91), attached Affidavit of Christin Zygmunt (Zygmunt Affidavit), ¶¶ 1-4.

On August 31, 2021, Vibra filed a Motion to Reconsider (d/e 87) to reconsider the Order on Motion to Compel. Vibra filed this Motion to Reconsider on the extended due date for compliance with the Order on Motion to Compel.

On September 3, 2021, Vibra personnel traveled to the Iron Mountain storage facility to search for the employee evaluations/reviews. That same day, Vibra personnel found the missing personnel files and boxes of complaint files at the Iron Mountain facility. On September 3, 2021, Vibra personnel scanned the personnel files and sent them electronically to Vibra Vice President Morgan, who gave the personnel files to Zygmunt. On the same day, Vibra personnel shipped the boxes of complaints to Zygmunt. Zygmunt Affidavit ¶¶ 11-13.

September 7, 2021, this Court denied the Motion to Reconsider. Text Order entered September 7, 2021.

On September 9, 2021, Zygmunt received the boxes of complaints. From September 9 to September 13, 2021, Zygmunt reviewed the

complaints. On September 13, 2021, Zygmunt sent the responsive complaints and related documents to Vibra's counsel. Zygmunt Affidavit ¶¶ 14-15.

On September 14, 2021 at 4:21 p.m., Vibra's counsel emailed 591 pages of responsive documents to Biggart's counsel. Certificate of Service (d/e 89); Motion for Sanctions, attached Email from Vibra Counsel to Biggart's Counsel at 4:21 p.m. on September 14, 2021, with attachments. By then, fact discovery had closed on June 1, 2021, and Biggart's deadline to disclose expert witnesses by August 20, 2021 had passed. See Third Amended Scheduling Order entered February 25, 2021 (d/e 68), at 1; Text Order entered August 5, 2021. The September 14, 2021, production also occurred just one day before the scheduled mediation before this Court on September 15, 2021. Biggart filed the Motion for Sanctions on September 14, 2021.

On September 15, 2021, the Court conferred with counsel. The Court postponed the mediation to a date to be determined after the Court ruled on the Motion for Sanctions. The Court set the matter for a telephonic status conference on November 4, 2021. The Court also directed the parties to meet and confer concerning whether discovery

should be extended and, if so, to file an appropriate motion.  <u>Minute Entry entered September 15, 2021</u>.

## ANALYSIS

This Court may sanction a party for failing to comply with a discovery order or failing to disclose or supplement a prior discovery response.  Fed. R. Civ. P. 37(b)(2) and (c).  Vibra complied with this Court's orders.  On July 30, 2021, the Court ordered Vibra to produce employee evaluations/reviews and complaints against employees involved in Biggart's care.  Vibra asked for and received an extension of time to August 31, 2021 to produce the records.  On that date, Vibra filed the Motion to Reconsider the Order on the Motion to Compel.  The Order on the Motion to Compel was an interlocutory order and subject to revision at any time.  Fed. R. Civ. P. 54(b).  As such, the Motion to Reconsider was timely.  On September 7, 2021, the Court denied the Motion to Reconsider, and on September 14, 2021, Vibra produced the documents.  Under these circumstances, the Court does not see a basis to sanction Vibra for not complying with this Court's orders.

Biggart argues that the Motion to Reconsider was frivolous.  The Court agrees that Vibra may well have filed the Motion to Reconsider to secure an additional delay in production of the responsive documents;

however, Vibra was entitled to ask for reconsideration of an interlocutory order and this Court cannot say that the Motion to Reconsider was sanctionable as a frivolous motion. See Fed. R. Civ. P. 11(c). Vibra followed the Rules and this Court's orders.

Biggart also argues that Vibra should be sanctioned for failing to disclose or supplement a prior discovery response. Biggart argues that Vibra made an improper "document dump" of complaints about Biggart's care and employee evaluations and reviews at the last minute on September 14, 2021. This Court may sanction a party that fails to supplement its disclosure in a timely manner if the party learns that its initial response was materially incomplete or incorrect. Fed. R. Civ. P. 26(e) and 37(c).

Here, Vibra supplemented its disclosures in a timely manner. The Perdue and Zygmunt Affidavits show that Vibra looked for complaints from family members about Biggart's care starting in March 2021, found one set of emails in July 2021, and turned the emails over on August 5, 2021. Vibra personnel found the vast majority of responsive complaints on September 3, 2021. The documents were produced less than two weeks later. With respect to the request for employee evaluations and complaints against employees, Vibra objected to the request. A party may respond to

a production request with an objection. Fed. R. Civ. P. 34(b)(2)(B) and (b)(2)(C). On July 30, 2021, this Court overruled the objections. On August 6, 2021, Vibra personnel started looking for the records. The records were found on September 3, 2021 and were produced less than two weeks later. The Court does not find that the search efforts warrant a sanction. Under these circumstances, the Court finds that Vibra supplemented its disclosures in a timely manner.

Biggart argues that Vibra should be sanctioned because it failed to keep accurate inventories of its records in storage. The Court agrees that Vibra's records in storage were poorly organized. Biggart presents no showing that Vibra intentionally disorganized its records to frustrate discovery efforts. The Court sees no bad faith or improper efforts to delay that would warrant a discovery sanction.

Biggart argues that Vibra engaged in an improper "document dump" as occurred in <u>Strategic Capital Bankcorp. Inc., v. St. Paul Mercury Ins. Co.</u>, Case No. 10-CV-2062 (C.D. Ill. September 24, 2015). The Court disagrees. In <u>Strategic Capital</u>, 80,000 disorganized documents were dumped two months before the close of discovery and there was also a clear record of delay. Here, Vibra produced 591 pages of documents, or

less than 1 percent of the documents dumped in <u>Strategic Capital</u>. The cases are not comparable.

The Court recognized that the parties may need additional discovery in light of Vibra's September 14, 2021 document production, and so, directed the parties to meet and confer on this question. See Minute Entry entered September 15, 2021. The parties have filed an agreed motion to amend the scheduling order to allow certain additional discovery and extend certain deadlines. Agreed Motion to Modify the Discovery Schedule (d/e 93).

THEREFORE, IT IS ORDERED that Plaintiff Jerry Biggart's Motion for Sanctions Against Defendant (d/e 90) is DENIED.

ENTER:   October 25, 2021

s/ <i>Tom Schanzle-Haskins</i><br>
TOM SCHANZLE-HASKINS<br>
UNITED STATES MAGISTRATE JUDGE